IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SINDEN COLLIER § | |
| § | |
| *Plaintiff*, § | |
| vs. § | |
| § | Case No. _____ |
| CAMILLE G. CASH, M.D., and § | |
| CAMILLE G. CASH, M.D., P.A. § | |
| § | **JURY TRIAL DEMANDED** |
| *Defendants*. § | |

## COMPLAINT

Plaintiff Sinden Collier ("Plaintiff") brings this action against defendants Camille G. Cash, M.D. ("Cash"), and Camille G. Cash, M.D., P.A. ("Cash PA") (collectively "Defendants") and alleges:

### THE PARTIES

**1.** Plaintiff is an individual residing within this district at 4314 Marchant Road, Houston, Texas 77047.

**2.** On information and belief, Cash is an individual residing within this district and having a business address at 2150 Richmond Avenue, Suite 103, Houston, Texas 77098.

**3.** On information and belief, Cash PA is a professional association organized and existing under the laws of the State of Texas, having an address at 2150 Richmond Avenue, Suite 103, Houston, Texas 77098, and has designated its registered agent for purposes of service of process as Debbie Halford, 2150 Richmond Avenue, Houston, Texas 77098.

## JURISDICTION AND VENUE

4. This is an action for copyright infringement arising under the provisions of the Copyright Laws of the United States of America, Title 17, United States Code ("the Copyright Act").

5. Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1338(a) and (b), and 17 U.S.C. §§ 501-505.

6. On information and belief, Defendants have engaged in tortious acts of copyright infringement within this judicial district that have caused injury to Plaintiff that have been felt within this judicial district.

7. Defendants are subject to personal jurisdiction in this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

9. Plaintiff is professional photographer.

10. Cash PA retained Plaintiff's services for two photoshoots, one in 2007 and another in 2012. During those photoshoots, Plaintiff created a number of photographic images of Cash.

11. Plaintiff registered her copyrights in each of those images with the U.S. Copyright Office. Plaintiff is the sole and exclusive owner of the copyrights in those images, including U.S. Copyright Registration Certificate Nos. VAu 970-579, VAu 987-298, VAu 1-023-096, and VAu 1-107-468 ("the Copyrights"). True and correct copies of the registration certificates and corresponding deposit material are attached hereto as Exhibits A-D, respectively, and fully incorporated herein by reference.

12. Plaintiff entered into agreements with Cash PA for each of the two photoshoots. The 2007 Agreement granted Cash PA certain license rights in the images taken in 2007, which rights

were renewed twice and expired on September 6, 2012. The 2012 Agreement granted Cash PA certain license rights in the images taken in 2012, which rights were renewed once and expired on September 6, 2016.

13. Despite the fact that Cash PA's license rights ended on the dates indicated above, Cash and Cash PA continued to use certain of the subject images without permission and in violation of the attached Copyright Registrations. Attached hereto as Exhibit E is a table identifying the infringements that have been uncovered to date ("the Copied Images").

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**[17 U.S.C. § 501-505]**

14. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

15. Plaintiff's copyrights in the registered images corresponding to the Copied Images have been registered with the United States Copyright Office in compliance with all Copyright Office requirements as shown in the United States Copyright Certificates of Registration attached as Exhibits A-D.

16. Each of the Plaintiff's registered images is an original work of authorship fixed in a tangible medium of expression from which it can be perceived, reproduced, displayed or otherwise communicated, either directly or with the aid of a machine or device.

17. Each of the Plaintiff's registered images is a separate and independent work of authorship in the form of a photographic image that comprises copyrightable subject matter protectable under the Copyright Act.

18. Each of the Plaintiff's registered images includes numerous original elements, including but not limited to posing, lighting, camera settings and angle, and background.

19. Defendants had access to Plaintiff's registered images directly from Plaintiff.

20. Each Defendant reproduced, displayed and unlawfully copied the Copied Images, and did so without authority, license or permission from Plaintiff.

21. The Copied Images that Defendants reproduced, displayed and unlawfully copied are identical to Plaintiff's registered images.

22. None of the Defendants compensated Plaintiff for its respective reproduction, display and unlawful copying of the Copied Images.

23. Without authorization, each Defendant reproduced, displayed and unlawfully copied the Copied Images and thereby directly infringed Plaintiff's Copyrights and violated 17 U.S.C. § 501.

24. Each Defendant's conduct violated exclusive rights owned by Plaintiff, including at least the exclusive rights to reproduce and display under 17 U.S.C. § 106.

25. By virtue of Defendants' wrongful acts complained of herein, each Defendant infringed at least Plaintiff's right to authorize the reproduction and display of the Copied Images.

26. As a direct and proximate result of its wrongful conduct, each Defendant realized benefits rightfully belonging to Plaintiff related to the Copied Images. Plaintiff is entitled to an award of actual damages and Defendants' profits against Defendants pursuant to 17 U.S.C. § 504(b), or alternatively statutory damages against Defendants for their wrongful conduct pursuant to 17 U.S.C. § 504(c).

27. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by

such acts in the future unless each Defendant is enjoined by this Court from committing further acts of infringement, for which Plaintiff has no adequate remedy at law.

### COUNT II
### VICARIOUS COPYRIGHT INFRINGEMENT
### [17 U.S.C. §§ 501 *et seq.*]

28. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

29. Cash is in the business of earning money from revenues generated through Cash PA.

30. At all material times hereto, upon information and belief, Cash had the right and practical ability to supervise, control, limit, and stop the infringing conduct using Plaintiff's registered images, yet Cash declined to do so.

31. As a direct and proximate result of Cash's refusal to exercise her right and ability to promptly stop or limit the infringing conduct, Cash and Cash PA continued to infringe Plaintiff's Copyrights, which, in turn, generated revenues and direct financial benefits for Cash.

32. Cash enjoyed a direct financial benefit from the manner in which Cash and Cash PA used the Plaintiff's registered images to promote her medical practice and generate revenue therefrom.

33. By virtue of Cash's wrongful acts complained of herein, Cash is liable for vicarious copyright infringement.

34. As a direct and proximate result of her wrongful conduct, Cash realized benefits rightfully belonging to Plaintiff related to the Copied Images. Plaintiff is entitled to an award of actual damages and Defendants' profits against Cash pursuant to 17 U.S.C. § 504(b), or alternatively statutory damages against Cash for her wrongful conduct pursuant to 17 U.S.C. § 504(c).

**35.** As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Cash is enjoined by this Court from committing further acts of infringement, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of judgment that:

**A.** Each Defendant has committed acts copyright infringement, and that the Court enter judgment in Plaintiff's favor on all of its claims, including judgment that Cash is individually liable for the damages sustained by Plaintiff, and all profits earned by Defendants, as a result of such infringement and vicarious copyright infringement, based upon Cash's actions authorizing, controlling, directing and/or participating in such wrongful acts, and Cash's right and practical ability to supervise, control, limit, and stop the copyright infringing conduct;

**B.** The Court render a final judgment awarding Plaintiff: (1) actual damages and Defendants' profits against Defendants pursuant to 17 U.S.C. § 504(b); or alternatively (2) statutory damages against Defendants for their wrongful conduct pursuant to 17 U.S.C. § 504(c);

**C.** Plaintiff be granted permanent injunctive relief enjoining Defendants and their respective officers, agents, servants, employees and those persons in active concert or participation with them from further acts of copyright infringement;

**D.** Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' wrongful acts complained of herein;

**E.** Plaintiff be granted its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 and all other applicable law;

**F.** Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 9, 2023         By: /s/    *C. Dale Quisenberry*
                             C. Dale Quisenberry
                             Texas State Bar No. 24005040
                             dale@quisenberrylaw.com
                             QUISENBERRY LAW PLLC
                             13910 Champion Forest Drive, Suite 203
                             Houston, Texas 77069
                             Telephone: (832) 680-5000
                             Facsimile: (832) 680-5555

                             ATTORNEYS FOR PLAINTIFF